**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane**

Civil Action No. 10-cv-36-AP

WILDEARTH GUARDIANS,

        Plaintiff,

v.

KEN SALAZAR, in his official capacity as United States Secretary of the Interior,

        Defendant.

---

**JOINT CASE MANAGEMENT PLAN**

---

**1.    APPEARANCES OF COUNSEL:**

For Plaintiff:

Alena E. Amundson
Law Office of Alena E. Amundson
8021 E. 29th Ave.
Denver, CO. 80238
(303) 800-7109
(208) 978-5877 (facsimile)
alena@alenaamundson.com

For Defendant:

John H. Martin
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
1961 Stout Street, 8th Floor
Denver, CO. 80294
(303) 844-1383
(303) 844-1350 (facsimile)
john.h.martin@usdoj.gov

**2. SUBJECT MATTER JURISDICTION:**

Plaintiff asserts that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (U.S. as a defendant), 28 U.S.C. §§ 2201-2202 (declaratory and injunctive relief), 16 U.S.C. §§ 1540(c) and (g) (action arising under the Endangered Species Act ("ESA") and citizen suit provision), and 5 U.S.C. §§ 701-706 (Administrative Procedure Act). More than sixty days prior to the filing of the Petition for Review of Agency Action,[1] Plaintiff provided Defendant with written notice of the claims alleged in the Petition and of its intent to sue. See 16 U.S.C. § 1540(g).

**3. DATES OF FILING OF RELEVANT PLEADINGS:**

    **A. Date Petition for Review of Agency Action Was Filed:**

January 8, 2010

    **B. Date Petition for Review of Agency Action Was Served on U.S. Attorney's Office:**

February 18, 2010

    **C. Date Answer and Administrative Record Were Filed:**

Defendant filed an Answer to the Petition for Review of Agency Action on March 15, 2010. Defendant has not yet filed an Administrative Record. Defendant proposes to file the Administrative Record by May 27, 2010.

**4. STATEMENT REGARDING THE ADEQUACY OF THE RECORD:**

Defendant proposes filing the Administrative Record on May 27, 2010. Accordingly, Plaintiff cannot presently make any statement as to the adequacy of the

---

[1] The parties agree that this Court's review of this case is governed by Olenhouse v. Commodity Credit Corp., 42 F.3d 1560, 1580 (10th Cir. 1994).

Record. The parties propose that any motion concerning the contents of the Administrative Record be filed by July 7, 2010.

**5.     STATEMENT REGARDING ADDITIONAL EVIDENCE:**

As discussed in item 4 above, Plaintiff may file a motion seeking to add evidence to the Administrative Record by July 7, 2010.

Additionally, Plaintiff will support its Opening Brief on the Merits[2] with a declaration(s) to provide the evidentiary support upon which Plaintiff can establish its Constitutional standing (Article III) to undertake this litigation.

Defendant intends to take discovery as to Plaintiff's standing. Plaintiff asserts that because this is an Olenhouse record review proceeding, in which discovery is generally not allowed,[3] Defendant must file a motion seeking such discovery. Defendant asserts that jurisdictional discovery is appropriate before the parties proceed to litigation of the merits of this dispute, and thus no leave of court is necessarily required before proceeding with jurisdictional discovery. However, the parties have agreed, in an analogous case, WildEarth Guardians v. Salazar, No. 1:10-cv-11-AP (D. Colo.), that Defendant shall file a motion for jurisdictional discovery by June 11, 2010 to allow the Court to determine whether Defendant's proposed discovery is appropriate. The parties agree that the

---

[2] While the parties agree that the Court must, in accordance with Olenhouse, 42 F.3d at 1580, govern itself by referring to the Federal Rules of Appellate Procedure, the parties do not intend to style their briefs in strict adherence to the service, formatting, and hard copy requirements of Fed. R. App. P. Rules 31 and 32, and do not intend to file appendices in lieu of Federal Defendant's forthcoming Administrative Record. The parties agree that each brief on the merits will not exceed 30 pages in length.

[3] See Olenhouse, 42 F.3d at 1579 ("This process [referring to how "the District Court processed the Farmers' appeal as a separate and independent action, initiated by a complaint and subjected to discovery and a 'pretrial' motions practice"], at its core, is inconsistent with the standards for judicial review of agency action under the APA.").

3

Court's decision on that motion will guide discovery practice in this case.

Accordingly, in the event the Court grants Defendant's motion for jurisdictional discovery in WildEarth Guardians v. Salazar, Civ. No. 1:10-cv-11-AP, Defendant shall propound his initial written discovery in this case within 14 days of entry of the order granting the motion. Jurisdictional discovery shall be completed within 90 days of commencement of discovery.

**6.     STATEMENT REGARDING UNUSUAL CLAIMS OR DEFENSES:**

None.

**7.     OTHER MATTERS:**

As noted above, this case is similar in procedural posture to WildEarth Guardians v. Salazar, No. 1:10-cv-00011-AP (D. Colo.) (Narrow-foot hygrotus diving beetle). Accordingly, the parties have agreed that the Court's ruling on Defendant's discovery motion in that case will guide discovery practice in this case.

**8.     PROPOSED BRIEFING SCHEDULE:**

Plaintiff shall file any motion regarding the contents of the administrative record no later than July 7, 2010.

As the parties intend to engage in motion practice concerning discovery, they propose that the Court not set a merits briefing schedule at this time. Instead, the parties propose that they submit a proposal for further proceedings within 14 days of the Court's decision on Defendant's jurisdictional discovery motion in WildEarth Guardians v. Salazar, Civ. No. 1:10-cv-11-AP.

**9.     STATEMENTS REGARDING ORAL ARGUMENT:**

Plaintiff's Statement: Because the ESA is a unique and fairly specialized area of

law, Plaintiff believes that oral argument would assist the Court in its resolution of this case.

<u>Defendant's Statement</u>: Defendant does not specifically request oral argument in this case.

**10. CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE:**

The parties do not consent to the exercise of jurisdiction of a United States Magistrate Judge.

**11. OTHER MATTERS:**

The parties understand that parties filing motions for extensions of time or continuances must comply with D.C.COLO.LCivR 7.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

**12. AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.

DATED this 12th day of May, 2010.

BY THE COURT:

*s/John L. Kane*
U.S. DISTRICT COURT JUDGE

APPROVED:

s/Alena E. Amundson
Alena E. Amundson
Law Office of Alena E. Amundson
8021 E. 29th Ave.
Denver, CO 80238
(303) 800-7109
alena@alenaamundson.com


Attorneys for Plaintiff WildEarth Guardians


s/John H. Martin
John H. Martin
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
1961 Stout Street, 8th Floor
Denver, CO. 80294
(303) 844-1383
(303) 844-1350 (facsimile)
john.h.martin@usdoj.gov

Attorney for Federal Defendant