IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge John L. Kane

Civil Action **No. 10-cv-00036-AP**

**WILDEARTH GUARDIANS,**

    Plaintiff,

v.

**KEN SALAZAR, in his official capacity as Secretary, U.S. Department of the Interior,**

    Defendant.

---

**MEMORANDUM OPINION AND ORDER**

---

Kane, J.

This matter is currently before me on Plaintiff's Motion to Recover its Reasonable Attorneys Fees (doc. 47). Based on the forthcoming discussion, Plaintiff's motion is DENIED.

BACKGROUND

This controversy arises from Plaintiff's first petition to list *Capnia arapahoe* (the Arapahoe Snowfly) as threatened or endangered under the Endangered Species Act ("ESA"). In that petition, Plaintiff sought listing for the Arapahoe Snowfly and 205 other species in the U.S. Fish and Wildlife Service's Mountain-Prairie Region. The petition contained limited information on the Arapahoe Snowfly and the other species, relying instead on its incorporation by reference of analysis, references, and documentation provided in a third-party database.

Pursuant to its responsibilities under the ESA, Defendant's designee the United States Fish & Wildlife Service ("FWS") reviewed the petition and the information contained in the cited database. Although it found the database described numerous threats to the general area

inhabited by the Arapaho Snowfly, FWS found that neither the petition nor the database linked those threats to the Arapaho Snowfly or its habitat. 74 Fed. Reg. 6122, 6124. Accordingly, FWS found that Plaintiff had failed to present substantial scientific or commercial information indicating that listing of the snowfly might be warranted and denied Plaintiff's petition.

On January 8, 2010, Plaintiff filed the instant suit challenging FWS's denial of the listing petition and seeking a variety of relief: a declaration that Defendant's refusal to consider listing the Arapaho Snowfly was unlawful, an injunction requiring Defendant to withdraw his unlawful decision and to issue a new finding by a date certain, and an order awarding its costs and attorney fees.

While its challenge to Defendant's denial of its first listing petition was pending, Plaintiff joined a second petition to list the Arapaho Snowfly. Filed on April 6, 2010, this second petition included extensive discussion of the Arapaho Snowfly, its habitat, and threats thereto. After reviewing this information, the FWS determined that listing of the Arapaho Snowfly might be warranted and on April 25, 2011, announced its intention to undertake a more thorough review of the Arapaho Snowfly to determine whether it merited protection under the ESA.[1]

Based on this determination and FWS's agreement to conduct its review of the Arapaho Snowfly in a timely manner,[2] Plaintiff agreed to voluntarily dismiss its challenge to Defendant's denial of the first listing petition, and the parties jointly filed a Stipulated Motion for Dismissal without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). In their stipulation, the parties

---

[1] Although FWS was required, "to the maximum extent practicable," to make this determination within 90 days, *see* 16 U.S.C. § 1533(b)(3)(A), it informed Plaintiff and the other petitioners that it was precluded from doing so by its obligation to make determinations on a number of other species of higher priority.

[2] FWS agreed to conduct its review of the petition to list the Arapaho Snowfly in a timely manner in an unrelated Multi-District Litigation settlement agreement. *See In Re Endangered Species Act Section 4 Deadline Litigation*, D.D.C. Misc. Action No. 10-377 (EGS). Although the parties discuss the MDL settlement at length, it is largely irrelevant to resolution of the instant motion.

expressly reserved their right to contest whether Plaintiff is entitled to attorney fees under the ESA's fee-shifting provision. *See* 16 U.S.C. § 1540(g)(4).

## ANALYSIS

The Endangered Species Act does not limit the award of attorney fees and costs to a "prevailing party." Instead, the ESA authorizes an award of fees and costs to "any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4). This seemingly unfettered discretion is not, however, without limits. Indeed, it would be inappropriate to award a party its fees and costs absent some evidence of success on the merits. *See Center for Biological Diversity v. Norton*, 262 F.3d 1077, 1080 (10th Cir. 2001). This standard begs the question: what constitutes success on the merits? Although it has not definitively addressed the issue, the Tenth Circuit has applied the "catalyst" test in determining whether a party qualifies for an award of fees under the ESA. *See id.*

The catalyst test requires Plaintiff to establish two elements: 1) a causal connection between its challenge to Defendant's denial of its first listing petition and FWS's determination that the second listing petition warranted further review; and 2) FWS's positive resolution of the second listing petition was required by law. Because consideration of the first element proves dispositive, there is no need to discuss whether the benefit achieved was required by law.

Plaintiff urges that its challenge of Defendant's denial of the first petition was the catalyst for FWS's decision that the second petition merited further review. In support of this argument, Plaintiff cites the chronology of events, namely Defendant's positive resolution of the second petition after Plaintiff filed suit over his denial of the first petition and Defendant's continued defense against Plaintiff's challenge to the denial of the first listing petition. This argument ignores the differences and distinctions between these petitions.

The first petition addressed 206 different species and included limited information on each species, including the Arapaho Snowfly. Although it incorporated by reference significant

information contained in a third-party database, FWS determined neither the database nor the petition adequately linked threats to the general area inhabited by the Arapaho Snowfly to either the species or the habitat.

In contrast, the second petition sought listing for only the Arapaho Snowfly. It contained lengthy discussion of the Arapaho Snowfly and its habitat. Notably, an analysis of the threats to the Arapaho Snowfly and its habitat consumed the majority of the petition. FWS determined that this petition provided sufficient scientific information to warrant further review.

Despite these differences, Plaintiff suggests that FWS's positive resolution of the second petition was motivated in substantial part by Defendant's desire to avoid future litigation and to moot the controversy over his denial of the first petition. In support of this proposition, Plaintiff notes that Defendant continued to defend his denial of Plaintiff's first petition even after the second petition was filed. This argument ignores the most plausible explanation: FWS found the second petition merited further review because it cured the deficiencies of the first petition.[3] This outcome was caused not by Plaintiff's lawsuit, but by the refinements it made in response to Defendant's denial of the first petition. In light of these differences, it is not surprising that Defendant continued to defend his denial of Plaintiff's first petition even after he approved Plaintiff's second petition. Plaintiff presents no evidence rebutting this presumption, and I decline to infer any improper motive.

## CONCLUSION

Absent any evidence linking Plaintiff's lawsuit challenging Defendant's denial of its first petition to list the Arapaho Snowfly and FWS' decision that the second petition to list the Arapaho Snowfly merited further review, Plaintiff is not entitled to an award of its fees and costs. Accordingly, Plaintiff's Motion to Recover its Reasonable Attorneys Fees (doc. 47) is

---

[3] Furthermore, Plaintiff's focus on litigation qua litigation is misguided. An award of attorney fees is not intended to provide an underwriting for threatening litigation or continuing such without a merits-based justification.

DENIED.

Dated: February 14, 2012                          BY THE COURT:

                                                  **/s/ John L.  Kane**
                                                  Senior U.S. District Court Judge